IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2067-BO

FILED
DEC 1 5 2011
DENNIS P. AVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| MELVIN ELPIDO MEDINA FUNEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. LEWIS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. In his petition, petitioner appears to question the constitutionality of his State court conviction. He requests that this court enter an order which requires petitioner's state sentence to run concurrently, dismisses the state's indictment, and provides for petitioner's immediate release (D.E. # 1).

The United States Supreme Court has repeatedly observed that the writ of mandamus is a drastic remedy, to be reserved for extraordinary situations. Kerr v. United States District Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Federal courts have traditionally used the writ only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 (1943). The Supreme Court has held that "only exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Will v. United States, 389 U. S. 90, 95 (1967) (quoting De Beers Consol. Mines. Ltd. v. United States, 325 U.S. 212, 217 (1945)). Further, the Supreme Court has held that the party seeking mandamus

has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'" Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899)). Lastly, mandamus relief is available only when there are no other means by which the relief sought could be granted. In re Beard, 811 F.2d 818, 826 (4th Cir.1987).

Petitioner's claims challenge the validity of his State conviction. When challenging the validity, and not the execution, of a state sentence, the state prisoner must rely on 28 U.S.C. § 2254. See, e.g., Coady v. Vaughn, 251 F.3d 480, 484–85 (3d Cir. 2001). Thus, the Clerk of Court is DIRECTED to send petitioner the form to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Should petitioner wish to file a petition pursuant to § 2254, he then will have fourteen (14) days to re-submit his petition on the correct form and in the correct manner. If petitioner seeks to complete the form, he must also name the proper party respondent. He has failed to name the proper party respondent, his custodian, i.e. warden, in the petition now before the court. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); see 28 U.S.C. § 2242. Failure to respond to this order will result in dismissal of this action without prejudice. Given the court's determination that a writ of mandamus is not the proper means by which to bring this action, all pending motions are DENIED as MOOT.

SO ORDERED, this 14 day of December 2011.

TERRENCE W. BOYLE
United States District Judge

2