IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2067-BO

| | | |
|---|---|---|
| MELVIN FLIPIDO MEDINA FUNEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAFAYETTE HALL, | ) | |
| Respondent. | ) | |

Melvin Fllipido Medina Funez ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lafayette Hall ("respondent") moved to dismiss the matter based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 15]. 28 U.S.C. § 2244(d)(1). Petitioner responded [D.E. 18] to the pending motion. Petitioner also filed a motion to amend the petition subsequent to the response to the pending motion to dismiss [D.E. 19]. All motions are ripe for determination.

I. Background

Petitioner is a prisoner of the State of North Carolina. On October 28, 2008, in the Superior Court of Dublin County, petitioner pled guilty to four counts of trafficking in cocaine and one count of maintaining a vehicle, dwelling, or place to keep controlled substances [D.E. 16, Ex 1]. The presiding judge consolidated three of the trafficking convictions, and for those offenses petitioner was sentenced to a term of thirty-five to forty-two months' imprisonment [Id.] The remaining trafficking conviction and maintaining conviction were likewise consolidated, and for those offenses petitioner was sentenced to a consecutive term of thirty-five to forty-two months' imprisonment [Id.]. Petitioner was represented during the criminal proceedings by Cathi Hale [Id.]. Petitioner did not appeal.

On December 17, 2010, petitioner filed a motion for appropriate relief (MAR) in the North Carolina Superior Court, Duplin County [D.E.16, Ex. 2]. The MAR was denied on January 8, 2011 [Id.]. On January 5, 2011, petitioner filed a state petition for writ of habeas corpus in the North Carolina Superior Court [D.E. 16, Ex. 3]. On January 25, 2011, the petition was denied [D.E. 16, Id.].

On January 21, 2011, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals which that court dismissed on February 9, 2011 [D.E. 16, Ex. 4]. On February 24, 2011, petitioner filed a notice of appeal seeking review of the North Carolina Court of Appeals' dismissal of his certiorari petition in the North Carolina Supreme Court [D.E. 16, Ex. 5]. The North Carolina Supreme Court dismissed petitioner's appeal on March 10, 2011 [Id.]. On February 24, 2011, petitioner filed a petition for writ of certiorari seeking review of the North Carolina Court of Appeals' dismissal of his certiorari petition in the North Carolina Supreme Court. (See Ex. 6) The North Carolina Supreme Court dismissed Petitioner's certiorari petition on March 10, 2011. (Id.)

On April 4, 2011, petitioner signed a petition for writ of mandamus and filed it in this court. On December 15, 2011, the matter was reviewed and found to be more appropriately one sounding in habeas, pursuant to 28 U.S.C. § 2254. Thus, this court ordered that the Clerk of Court send petitioner a form § 2254 petition. The court further ordered that, if petitioner indeed sought to file a § 2254 petition, he was to comply within fourteen days. On December 21, 2011, petitioner signed the § 2254 petition which was file stamped December 27, 2011. Petitioner filed a corrected petition on January 19, 2011.

II.  Issues

2

Petitioner raises four issues in this petition: (1) a defective indictment; (2) the trial court did not have jurisdiction because a jury did not decide the quantity of drugs regarding the offenses for which he was convicted; (3) double jeopardy; and (4) his conviction was obtained based upon discrimination and in violation of the Equal Protection Clause.

III. Discussion

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d

3

557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner's judgment was entered on October 28, 2008. Petitioner then had fourteen days after entry of the judgment to file a notice of appeal with the clerk of the superior court. See N.C. R. App. P. 4. Because petitioner did not file a notice of appeal he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012) (In Gonzalez, the Supreme Court clarified that, under § 2244(d)(1) (A), that ". . the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires."). Thus, petitioner's conviction became final on November 11, 2008, when his case became final for purposes of direct appellate review. Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run, ran 365 days, and expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case

4

became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation).

Because nothing was in place on that date, November 11, 2009, (and in fact not until December 17, 2010, when he filed his first MAR) to toll the expiration of the limitations period, the petition is out of time.

IV. <u>Certificate of Appealability</u>

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. <u>See</u> Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. <u>Conclusion</u>

Accordingly, petitioner's motion to amend was ALLOWED and considered [D.E. 19]. Respondent's motion for dismissal of the habeas corpus petition as untimely is GRANTED and

5

the matter is DISMISSED [D.E. 15]. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 22 day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6